PUERTO RICO CONTAINER COMPANY, DIVISIÓN DE GRACE INTERNATIONAL, S.A., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. WILLIS RAMOS VÁZQUEZ, JUEZ, recurrido; ARTURO LERVOLD, interventor.

*Número:* C-62-64      *Resuelto:* 21 de septiembre de 1967

*Sifre & Ruiz Suria,* abogados de la peticionaria; *Víctor M. Bosch, Vicente Géigel Polanco* y *Vicente Géigel Lanuza,* abogados del interventor.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Sometida a una previa determinación del Tribunal Superior de Puerto Rico, Sala de Bayamón, el hecho de si el aquí interventor Arturo Lervold, demandante en la acción en la cual se origina el presente recurso, era o no era un "ejecutivo" de acuerdo con el Art. 19 de la Ley Núm. 379 de 15 de mayo de 1948, la ilustrada Sala sentenciadora resolvió que el interventor Arturo Lervold no era un ejecutivo, y

por el contrario, era un empleado cubierto por la clasificación de dicho Art. 19.

La descripción de la tarea diaria del interventor que hizo la ilustrada Sala sentenciadora fue la siguiente: El querellante (aquí interventor) realizaba para la querellada las siguientes labores: actuaba como cajero recibiendo cheques, giros y dinero; llevaba el libro de caja, haciendo las entradas correspondientes; hacía y llevaba los depósitos al banco; hacía las requisiciones y los cheques para la firma de los oficiales autorizados; llevaba a máquina (máquina Burroughs) el Libro Mayor; hacía las entradas en dicho libro que provenían de los libros subsidiarios de desembolsos, del libro de ventas, libro de caja y registro de cheques; hacía entradas de ajustes y entradas de cierre de libros; hacía las notas de crédito, los traslados del libro de ventas; junto a otros empleados contaba los materiales y mercancías durante los inventarios mensuales; hacía las reconciliaciones de las cuentas de los bancos; revisaba y preparaba diariamente un promedio de 50 ó 60 conduces poniéndole los precios de acuerdo con las tarifas establecidas por la compañía y haciendo los cálculos aritméticos correspondientes, atendía clientes cuando venían a cotejar sus cuentas y ocasionalmente atendía llamadas telefónicas para recibir órdenes de clientes; firmaba carta de cobro, nóminas de pago, informes de ganancias y pérdidas, informes sobre seguro social e informes sobre compensaciones a obreros.

Hemos escrutinizado la extensa prueba testifical que acompaña al recurso, y estamos conformes con la corrección de las conclusiones de hecho de la ilustrada Sala sentenciadora. Si bien la posición de contable del interventor lo hace intervenir en una serie de operaciones relacionadas con el movimiento de las cuentas de la organización, ninguna de ellas le concedía supervisión general o particular en la gerencia, administración o en las gestiones especializadas de carácter profesional que distinguen a los empleados exemptuados por

la disposición final del Art. 19 de la Ley Núm. 379 de 15 de mayo de 1948. En cuanto al trabajo desempeñado por el interventor, se trata de tareas manuales dentro de las rutinas corrientes del trabajo de contabilidad ordinario, a las cuales dedicaba el interventor todo su tiempo hábil.

Examinadas las categorías cubiertas por la Reglamentación del Secretario del Trabajo sobre Horas de Trabajo— 29 R.&R.P.R., secs. 286–3 a 286–5—es indudable que el aquí interventor señor Lervold no participaba en la dirección de la empresa o de un departamento o subdivisión de la misma, no tenía autoridad para emplear o despedir otros empleados o intervenir en el ascenso de los mismos; no ejercía facultades discrecionales en cuanto a la dirección de los negocios de su patrono y dedicaba todo su tiempo a una tarea manual. Si bien recibía un sueldo de $875 mensuales, empezó trabajando por $225, y en virtud del largo período de tiempo que había estado con la empresa y de la asunción de otras tareas y el aumento de trabajo producido por el desarrollo había llegado a dicho sueldo sin cambiar de categoría dentro de la carta de administración. Comparado con el sueldo del pagador de la empresa que es de $600 mensuales, el salario del aquí interventor no resultaba inusitado.

En cuanto a la clasificación como "administrador" ya hemos anotado la naturaleza manual de su trabajo, la ausencia de todo ejercicio de discreción o juicio personal sobre los problemas de la dirección; añadiendo el hecho que todo su trabajo estaba sujeto a supervisión inmediata de un contralor, incluso la que requería conocimientos especiales de contabilidad. Es además, criterio nuestro que su trabajo de contabilidad no requería ningún conocimiento de tipo avanzado en el campo de la ciencia o el saber en contradistinción a una educación académica general, al aprendizaje y entrenamiento de ciertos procesos mentales, manuales y físicos que nos obligaran a considerarlo como un "profesional", con

tareas de reconocida originalidad y creación, o talento especial o invención.

*Por las razones expuestas se anula el auto expedido y se devuelve el caso al Tribunal Superior de Puerto Rico, Sala de San Juan, para que continúen los procedimientos que no resulten incompatibles con los fundamentos de esta resolución.*